**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wilford Lee McCray,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-08018-PCT-ESW<br><br>**ORDER** |

Pending before the Court is Wilford Lee McCray's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his application for disability insurance benefits. Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 9). After reviewing the parties' briefing (Docs. 14, 19, 20), the Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence and is free of harmful legal error. The decision is therefore affirmed.

## **I. LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495

F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

In *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), the Ninth Circuit held that principles of *res judicata* apply to administrative decisions. If Social Security determines that a claimant is not disabled, a presumption of continuing non-disability applies to the claimant's subsequent claims. 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1). The claimant can rebut the presumption by showing "changed circumstances" indicating greater disability. *Chavez*, 844 F.2d at 693. Changed circumstances may include the existence of a new impairment not previously considered or an increase in the severity of an impairment. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). If the claimant rebuts the presumption, the ALJ can consider whether the claimant is disabled by following the five-step process described in 20 C.F.R. § 404.1520(a).

## II. BACKGROUND

Plaintiff, who was born in 1962, has past relevant work as a well-driller. (A.R. 59, 210). This case involves Plaintiff's second application for disability benefits. Social Security granted Plaintiff's prior application for disability insurance benefits effective March 19, 2006. (A.R. 70). In an October 2, 2013 decision (the "First Decision"), an ALJ determined that Plaintiff's disability ended on March 1, 2012. (A.R. 77). After the Appeals Council denied review, Plaintiff filed an appeal with the U.S. District Court for the District of Arizona. The Court affirmed the First Decision. (Case No. 3:15-cv-08014-DJH (D. Ariz. Sept. 28, 2016, Doc. 20)).

On April 24, 2015, Plaintiff filed a second application for disability insurance

benefits, which alleged disability beginning on November 20, 2013 through Plaintiff's last insured date of March 31, 2014. (A.R. 210-13). Social Security denied the application on November 24, 2015. (A.R. 148-151). On March 29, 2016, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of Plaintiff's application. (A.R. 155-60). Plaintiff then requested a hearing before an ALJ. (A.R. 161-62). The ALJ held a hearing on October 17, 2017, during which Plaintiff was represented by an attorney. (A.R. 38-66). In his February 22, 2018 decision (the "Second Decision"), the ALJ found that Plaintiff did not rebut the presumption of non-disability by showing new and material evidence. (A.R. 16). The ALJ made the alternative finding that even if Plaintiff did rebut the presumption, Plaintiff is capable of performing certain jobs existing in significant numbers in the national economy. (A.R. 30). The Appeals Council denied Plaintiff's request for review. (A.R. 1-6). On January 21, 2019, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 405(g) requesting judicial review and reversal of the decision.

## III. DISCUSSION

On November 20, 2013, Plaintiff's treating physician Timothy Bonatus, M.D. completed a "Medical Assessment of Ability To Do Work Related Activities" (the "Medical Assessment"). (A.R. 589-91). Plaintiff asserts that the Medical Assessment shows a worsening of Plaintiff's conditions that is sufficient to rebut the *Chavez* presumption. (Doc. 14 at 15). In the Second Decision, the ALJ did not find that Dr. Bonatus's opinion demonstrates changed circumstances. (A.R. 15). Although the ALJ did not clearly state his rationale for making this determination, his reasons are apparent from the hearing testimony and other portions of his opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (finding that a reviewing court may draw reasonable inferences from an ALJ's discussion of the facts and evidence).

To reiterate, *Chavez* instructs that a claimant must prove "changed circumstances *indicating* greater disability." 844 F.2d at 693 (internal quotations omitted) (emphasis added). "Based on the word 'indicating,' it is clear that there must be a causal relationship between the changed circumstances and the greater disability." *Bose v. Astrue*, No. CV

09-02257-PHX-MHM, 2011 WL 1211601, at *9 (D. Ariz. Mar. 31, 2011). Therefore, a claimant must show both changed circumstances and greater disability, as well as a causal relationship between the two. *Id.* ("[W]hile the Plaintiff is correct that he must demonstrate both changed circumstances and greater disability, *Chavez* dictates that he must do so in a manner that shows a causal relationship between the two.").

Here, the record indicates that Dr. Bonatus' Medical Assessment is based on medical evidence that was reviewed in conjunction with the First Decision. The ALJ who issued the First Decision in October 2013 reviewed medical records from March 2006 through September 2013. (A.R. 32-34). As the ALJ noted at the administrative hearing, Plaintiff did not submit any additional treatment records from September 2013 through the November 2013 date of Dr. Bonatus' Medical Assessment. (A.R. 42-45). Plaintiff testified at the hearing that when he saw Dr. Bonatus on November 20, 2013, Dr. Bonatus merely reviewed Plaintiff's prior X-rays. (A.R. 42). Dr. Bonatus did not previously complete a medical assessment of Plaintiff's limitations, and the November 20, 2013 Medical Assessment does not state that Dr. Bonatus determined that Plaintiff's conditions worsened since October 2013. The Court does not find that the ALJ erred in determining that Plaintiff failed to demonstrate any "changed circumstance" that indicates greater disability. *See id.* ("Plaintiff cannot attempt to resurrect medical facts that have already been decided simply by having his doctor refer to those facts at a later time.") (citing *Chavez*, 844 F.2d at 693). Plaintiff has failed to rebut the presumption of continuing non-disability. The Second Decision will be affirmed.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** affirming the decision of the Commissioner of Social Security.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 30th day of January, 2020.

_____
Eileen S. Willett
United States Magistrate Judge